# EXHIBIT A

## SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** Hector Reyes ("Plaintiff") and 317 Restaurant LLC d/b/a Bistecca Florentina (the "Company") and Luciano Marchignoli ("Defendants") as follows:

**WHEREAS,** Plaintiff commenced an action in United States District Court Eastern District on January, 5, 2017 styled as *Hector Reyes, individually and on behalf of all others similarly situated v. 317 Restaurant LLC d/b/a Bistecca Florentina and Luciano Marchignoli, et al,* Docket 17CV00074 (hereinafter the "Action") in which he has asserted various claims and avers he is entitled to alleged unpaid wage and unpaid overtime compensation under the Fair Labor Standards Act and ("FLSA") and New York State Labor Law ("NYLL"), as well as compensation for notice violations and wage statement violations under the NYLL; and

**WHEREAS** Defendant, Luciano Marchignoli is deceased and not a party to this lawsuit/Action; and

**WHEREAS,** Defendants deny all of the material allegations asserted by Plaintiff and deny and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff; and

**WHEREAS,** Plaintiff and Defendants, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE,** Plaintiff and Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1. Plaintiff shall not hereafter directly or in directly commence and/or continue any wage-and-hour related lawsuit, charge, claim or proceeding concerning the FLSA and/or the New York Labor Law in any forum against Defendants relating to any obligation or claim concerning Plaintiff's employment with Defendants arising on or before the effective date of this Agreement.

2. Upon the parties' full execution of this Agreement and Court approval of same, the Company agrees to pay Plaintiff, as set forth and allocated below, the total sum of Thirteen Thousand Dollars ($13,000.00), of which amount Samuel and Stein shall retain $4,166.00 as attorneys' fees and $500.00 as filing fees and service of process fees (the "Settlement Funds") as follows:

   A. The Settlement Funds shall consist of a series of post-dated checks issued by the Company for Samuel and Stein to hold in escrow representing six (6) monthly installment payments in the sum $2,166.67 payable as follows: (a) $1,389.00 to the Plaintiff, Hector Reyes and (b) $777.67 to Samuel and Stein, for attorneys' fees and costs, as referenced above.

   B. Samuel and Stein is authorized to release from escrow the first monthly installment payment, as set forth in Paragraphs 2A and 2C of this Agreement, within ten (10)

1

days of the Court's approval of this Agreement. The remaining five (5) monthly installment payments, as set forth in Paragraphs 2A and 2C of this Agreement, may be released from escrow by Samuel and Stein starting thirty (30) days thereafter for each of the following five (5) months.

C.   Each installment payment of $1,389.00 to the Plaintiff shall be made in two checks as follows: (a) one check in the sum of $694.50 for back wages, less regular payroll deductions, for which a Form W-2 will be issued, and (b) one check in the sum of $694.50 for liquidated damages, for which no withholding will be made and a Form 1099 will be issued. A Form 1099 will also be issued to Samuel and Stein for their payment pursuant to this Agreement.

The payments described Paragraph 2A and 2C shall be mailed to Samuel and Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001, within ten (10) days of: (a) the parties' full execution and court approval of this Agreement and (b) properly completed IRS W-9 form.

3.   As security for the payment of the foregoing, the Company agrees to execute a confession of judgment attached hereto as Exhibit "A". The Plaintiff's attorneys agree to hold the affidavit of confession of judgment in escrow until the Company makes all payments under this Agreement or defaults under the terms of this Agreement. Upon the Company's final payment and clearance of all payments of the Settlement Funds, the Plaintiff's attorneys shall return the original affidavit of confession of judgment to the Company's counsel.

4.   If the Company has not tendered a required installment payment in good funds as set forth in Paragraph 2 above, then thereafter upon written Notice of Default to the Company and its attorneys by both e-mail and regular first class mail, and the failure to cure such default within ten (10) days of the Company's and the Company's counsel receipt of said notice, the Plaintiff shall have the right to file and enter the attached confession of judgment with the Court.

5.   For and in consideration of the promises outlined in Paragraph 2 and elsewhere in this Agreement, Plaintiff agrees that upon execution of this Agreement, he shall file the Stipulation and Order of Dismissal with Prejudice, attached hereto as Exhibit B, to effectuate voluntary dismissal of the Action subject to the Court's approval

6.   Plaintiff hereby stipulates, acknowledges and understands that, in consideration of payment of the Settlement Funds, said payment constituting good and valuable consideration, Plaintiff hereby, acting on his own free will and volition, and on behalf of himself, his heirs, administrators, executors, representatives, successors and assigns, releases Defendants, their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, from any and all debts, obligations, claims, demands, orders, judgments or causes of action relating to labor and employment laws, including those arising out of alleged violations of the Fair Labor Standards Act, the New York State Labor Laws by reason of Plaintiff's employment or termination of employment with Defendants, from the beginning of the world to the date of execution of this Agreement.

    A. Defendants reciprocally release Plaintiff from any and all labor and employment-related liabilities, debts, claims and causes of action whatsoever, from the beginning of the world through the date of the effective date of this Agreement

    7. The parties have not and will not engage in any conduct that is injurious to the reputation and interests of the other including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating, or criticizing Plaintiff or Defendants regarding any subject matter, including without limitation those that are relevant to the instant proceedings, and settlement. This condition shall not be construed to include truthful statements by Plaintiff regarding the subject-matter of this lawsuit.

    8. Plaintiff understands and agrees that he has been advised to consult with his own attorney before signing this Agreement, and that he has done so by consulting Michael Samuel of Samuel & Stein. Defendants understand and agree that they have been advised to consult with their own attorney before signing this Agreement.

    9. Plaintiff will not solicit, induce, recruit, encourage or otherwise endeavor to cause or attempt to cause any employee or former employee of Defendants to sue the individual Defendant or the Company.

    10. By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrong doing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of Defendants, who expressly deny any liability to Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

    11. Any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

    12. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

    13. It is understood and agreed that Plaintiff is liable for all tax obligations, if any, with respect to the Settlement Funds. Defendants make no warranty as to any tax consequences of the

Settlement Funds, and the determination of the tax consequences of such payment is the sole responsibility of Plaintiff and his counsel. Plaintiff agrees to indemnify and hold Defendants harmless from any and all losses, costs, expenses, interest, payments, penalties, liabilities, and assessments, if any, incurred by Defendants as a result of this tax treatment.

14. By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

15. This Agreement represents the entire agreement between Plaintiff and Defendant. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

A. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

B. Each of the Parties has participated in negotiating and drafting this Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

C. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

16. Any breach or violation of this agreement by either party, will be considered a material breach of this agreement and will entitle the other party to recover actual damages, if any, caused by the breach or violation. In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate.

17. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

18. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, and communications shall be directed as follows:

York, NY 10001.

    For Defendant(s): 317 Restaurant LLC c/o La Rivista 313 West 46th Street, New York, New York 10036, e-mail jamsmar@gmail.com; counsel for Defendant(s) Michael Fleishman, Esq. c/o Goetz Fitzpatrick, LLP, One Penn Plaza, Suite 3100, New York, New York, 10019, e-mail: mfleishman@goetzfitz.com

Date: April __, 2018                      Date: April __, 2018

_____           _____
Hector Reyes                                 317 Restaurant LLC -

                                                   By:_____
                                                        James Marchignoli
                                                        Member

For Plaintiff(s): Michael Samuel, Samuel and Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001.

For Defendant(s): 317 Restaurant LLC c/o La Rivista 313 West 46th Street, New York, New York 10036, e-mail jamsmar@gmail.com; counsel for Defendant(s) Michael Fleishman, Esq. c/o Goetz Fitzpatrick, LLP, One Penn Plaza, Suite 3100, New York, New York, 10019, e-mail: mfleishman@goetzfitz.com

Date: April __, 2018                                Date: April __, 2018

_____                    _____
Hector Reyes                                           317 Restaurant LLC -

                                                            By:_____
                                                            James Marchignoli
                                                            Member

5